## ACTIONS TO ENJOIN THE ISSUE OF MUNICIPAL BONDS.

[Court of Common Pleas of Franklin County.]

HALLOCK v. CITY OF COLUMBUS.

Decided, December 29, 1902.

*Bar of a Previous Action—Residence of Plaintiff at Time of Previous Action—Suit Should be Brought on Behalf of the Corporation.*

1. The fact that the plaintiff was not a resident of the city at the time of the determination of a previous suit brought by a tax-payer to enjoin the issue of certain municipal bonds, does not remove from a similar action the bar of the previous determination.
2. A tax-payer suing in his individual capacity can not maintain a suit to enjoin the issue of bonds by a municipality for the building and equipping of an electric light plant; such suit must be brought on behalf of the corporation.

BIGGER, J.

This case is before the court upon an application of the plaintiff for a temporary restraining order to prevent the defendant from delivering bonds to the sinking fund commissioners of the city, issued for the purpose of building and equipping an electric light plant.

The petition is a lengthy one, and I will not stop to summarize its averments, but only to say that it is claimed the issue of these bonds was illegal, null and void upon nine different grounds. The city has filed an answer, in which it sets up facts with reference to the Cherington suit in this court and the circuit court, the Lind suit, the Beckett suit and others, heretofore brought in this court, and it is claimed that the judgments in those actions are a complete bar to the prosecution of this action.

This suit is brought by the plaintiff on behalf of the city, as is provided by statute. Counsel for the plaintiff in the brief filed in support of the application for a temporary restraining order, concedes that this court decided in the Lind case, *supra,* that the judgment in the Cherington suit, *supra,* was a bar to the bringing of any other action on behalf of the corporation by any other tax-payer, but contends that the judgment in those cases is not a bar to the bringing of an action by a taxpayer in his individual ca-

pacity, to restrain the issue and sale of these bonds which ·it is claimed are not legally authorized.

In addition to the objections which were raised in the Lind case to these bonds, plaintiff here raises two or three additional objections. But the fact that she may raise other objections to the validity of these bonds cannot affect the question or give her a right to relitigate the question as to the validity of the action of the defendant in the issuing of these bonds. These objections could have been made in the other suits, and cannot, therefore, in my opinion, confer any right upon her to maintain this action. If she can maintain the action it must rest upon other grounds.

It is averred in the petition that she became a resident of this city in September, 1901; that she is the owner of personal property, the tax valuation of which is $700, and that a part of this was purchased in December, 1901. I do not understand, nor has counsel pointed out, what additional rights this could confer upon her. Certainly those who become residents and taxpayers of a municipal corporation cannot escape their share of the burden of taxation because they were not residents of the corporation at the time the debts were created. It would be a strange doctrine if every new resident who comes into a city had a right to re-open and litigate questions decided by the courts prior to their becoming residents and taxpayers. If, as has been decided by this court and affirmed by the circuit court, so that it is no longer an open question in this court, an action brought by one taxpayer to restrain the issue of these bonds is a bar to a similar action by another taxpayer, the fact that the plaintiff may not have been a resident of the city at the time of the bringing and determination of that suit cannot confer upon her the right to again litigate upon the same subject-matter, to-wit, the validity of the actions of the city authorities in providing for the issuing of these bonds for the building and equipping of an electric light plant. I do not see, therefore, that the averment in the petition as to the time when the plaintiff. became a resident and taxpayer can, in any way, affect the question of her right to maintain this suit.

Now the suit is brought by the plaintiff, as she avers, on behalf of the corporation. The admission of counsel that the decision

of the circuit court was that the Cherington suit was a bar to any subsequent suit brought by another taxpayer on behalf of the corporation seems to me an end of the matter and that it is an admission that the plaintiff cannot maintain this suit. She does not claim to have brought in her individual capacity as a taxpayer, but avers in the first paragraph of her petition that she brings the action on behalf of the corporation, and makes the further averment with reference to the request of the city solicitor to bring the suit, and his refusal to do so. I do not see how, in the face of this averment, that she can claim that this action is brought by her in her individual capacity as a taxpayer, but if it be contended that she may maintain it in her individual capacity, notwithstanding the averment of the petition, I will say that this same claim was made by counsel in the Lind case, and was considered by me in that case. On that point, I find I used the following language in deciding the Lind case:

"It is said that if it should be determined that an action cannot be maintained under these sections of the statute, that still the plaintiff, as a taxpayer, has a right, in his individual capacity, to maintain an action to restrain the collection of illegal taxes, but that, it seems to me, leads to an equally absurd conclusion. May one taxpayer bring an action upon the refusal of the law officer to bring it and require the director of public improvements to build an electric light plant, and then, afterwards, other taxpayers, whose interests are identical with that of Cherington, bring individual actions to restrain the collection of taxes to pay for such a plant? I think this never was the intention of the law-making power of the state. I believe that the plaintiff in this case, whose interests were indentical with those of Mr. Cherington, and every other taxpayer, were so far represented in that suit that they were concluded by the finding in that case, which was necessary to the judgment, and which was, in fact, made by the pleadings, that the resolution of March 2, 1896, was duly and legally passed, and that the finding there is conclusive in this case."

I then called attention to the decisions in *Hensly* v. *Hamilton* (city), 3 C. C., 201, decided by the Circuit Court of Butler County, in which the question of the right of an individual taxpayer to maintain such an action was before the court, and it was there decided that the action cannot be maintained by the individual taxpayer,

but must be brought, as in this case, on behalf of the corporation. The action, in that case, was brought by Hensley, for himself and other taxpayers of the city, who were too numerous, he alleged, to be personally brought before the court. The court held that such an action cannot be maintained by an individual taxpayer. The first branch of the syllabus is:

"When, under Section 1778, Rev. Stat., a taxpayer brings an action to restrain a misapplication of funds of the corporation, or the abuse of corporate powers, etc., the action should be in his name as a taxpayer on behalf of the corporation, and not simply as a taxpayer."

In that action, the plaintiff claimed that it was not necessary to bring the action on behalf of the corporation, but that he had a right to bring the action under the provisions of Sections 5848 and 5849, Rev. Stat., which authorized the court to enjoin the illegal levy of taxes assessed, etc. Judge Cox, in discussing that claim of the plaintiff, says:

"It manifestly shows a distinction between this law and the general law (Section 5848, Rev. Stat.), which gives to any taxpayer the right to enjoin the illegal assessment or payment of a tax. In the latter, it is purely of a personal character, in which the general public may not be interested, and the judgment only restraining the tax on account of its illegality as to particular persons, while the law under contemplation is for the protection of corporate rights in favor of the corporation."

In the case at bar I am equally of the opinion that this action to restrain the issue and sale of these bonds cannot be maintained by this plaintiff. If she has any right to maintain the action on account of the facts set up in her petition, it is only to restrain the levy and collection of taxes as against her own property to pay for the bonds, but not to restrain the issue of the bonds, which the courts have held to have been legally issued.

Believing, as I do, that the facts stated in the petition do not show any right in the plaintiff to maintain this suit, the application for a temporary restraining order must be refused.

*Paul Jones*, for plaintiff.

*Byrne & Rubrecht*, for defendant.